UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

ANDREW BLAIR HOWARD,

      Defendant.

                               /

No. 1:23-mj-00230

Hon. Ray Kent
United States Magistrate Judge

## GOVERNMENT'S NOTICE OF UPDATED RESTITUTION COSTS

On March 27, 2024, the government submitted its sentencing and restitution memorandum, which included as attachments Exhibits G and H (R.20, Government's Sentencing Memorandum, PageID.218).  Exhibit G and H were the Declaration of U.S. Coast Guard Commander Benjamin Litts and the COMMAND INSTRUCTION 7310.1V, which includes reimbursable standard rates for use of Coast Guard equipment and materials.  The government submitted a restitution request for $21,161.16 based on what it understood to be the direct and support costs calculated for the mission as calculated in the U.S. Coast Guard Command Instructions.  (*See* R.20 at PageID.234-35).  With this request, the government understood it would be removing all non-allowable costs, including administration, depreciation, overhead, and costs of capital. The government requested additional information regarding the composition of direct and support costs, but the Coast Guard initially was

1

unable to provide any additional cost breakdown because the software and inputs used to calculate the 2022 Command Instruction table was run on Windows 7 and was incompatible with Windows 10, which the Coast Guard is currently operating on its computers.  In advance of the sentencing hearing, the government continued to work with the Coast Guard to obtain additional supporting information.  On Thursday, May 9, 2024, the Coast Guard provided the government with a spreadsheet containing supplemental cost information for COMMAND INSTRUCTION 7310.1V, included as Attachment A.  Upon review of the cost breakdown and following subsequent conversations with Coast Guard staff, the government now believes that several categories of costs should be excluded from the Coast Guard's restitution request, as these included costs are not all costs allowed by 18 U.S.C. § 3663A and by the 6th Circuit in *United States v. Sawyer*, 825 F.3d 287, 292 (6th Cir. 2016).[1] Specifically, the government now believes the following categories of costs should be excluded from the Coast Guard's restitution request: AFC34 - Training and Recruiting Infrastructure; AFC41 - Aeronautical Engineering; AFC42 – Telecommunications; AFC43 - Civil Engineering; and AFC57 – Medical.  After further review, to simplify the issues, the Coast Guard has also elected to withdraw its restitution request for support flight costs ($4,030.70).

    As a result, with this Notice, the government provides the Court with

---

[1] The U.S. Coast Guard recovers costs for a variety of reasons under different statutes.

2

spreadsheets[2] and additional supporting materials to the Command Instructions included as Exhibit B. The government believes the appropriate costs should include the pay and the operating and maintenance figures allocated as direct costs. The total costs sought by the U.S. Coast Guard are $9,603.93. These costs include the costs to prepare the aircraft for flight, for the crew to fly the aircraft, and to refuel, check and maintain the aircraft following the flight.[3]

For ease of reference, the government provides the updated chart below, which reflects the updated Coast Guard restitution request and costs. The other recoverable losses and cost of proceedings have not changed:

---

[2] The spreadsheets contain sensitive budget information related to the budget of the U.S. Coast Guard. For purposes of public filing, that information has been redacted. The government will provide unredacted versions of the spreadsheets to the Court and defense counsel.

[3] Although the costs rely on a three-year historical average of costs to arrive at these numbers, the accounting method used by the Coast Guard can also underestimate costs. For example, based on CG-83 which uses updated 2022 fuel costs statistics in effect at the time of the flight (instead of the backwards looking three year average contained in the AFC O&M figure) the U.S. Coast Guard believes the actual fuel costs for the flight are $2,259.33, which is less than the $1,770.79 sought as restitution for operation and maintenance costs, which requested costs include fuel as a component.

| Party | Recoverable Losses 18 U.S.C. § 3663A | Cost of Proceedings | Justification |
|---|---|---|---|
| National Park Service | $12,868.29 | | Natural Resource / hydrologist expenses |
| U.S. Coast Guard | $9,603.93 | | Two hours direct cost of USCG helicopter operation |
| National Park Service[4] | | $2,113.07 | Rangers Bahm and Dekkers trial travel expenses |
| U.S. Department of Justice | | $1,834.64 | Trial travel expenses for fact witnesses |
| **TOTALS** | **$22,472.22** | **$3,947.71** | |

With this Notice, the government therefore seeks $22,472.22 in recoverable restitution and $3,947.71 in recoverable costs of proceedings (totaling $26,419.93 from these distinct categories).

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: May 15, 2024

*s/ Meagan D. Johnson*
MEAGAN D. JOHNSON
LAUREN F. BIKSACKY
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

---

[4] Because restitution and costs of proceedings are legally distinct, they have been separated on this table. The total award to the NPS for cost of the proceedings under 18 U.S.C. § 1865 and restitution under 18 U.S.C. § 3663A is $14,981.36. This award request to NPS remains unchanged since the government's initial sentencing filing.

4